11-1724-cv
Coriale v. Xerox Corp.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of August, two thousand twelve.

PRESENT:   ROBERT D. SACK,
                    REENA RAGGI,
                    RAYMOND J. LOHIER, JR.,
                                         *Circuit Judges.*

------------------------------------------------------------------

SAMUEL D. CORIALE, CHARLES WELLERS, GWENDOLYN COMBS, ARTHUR WOHLABAUGH, VINCENT CILENTO, MICHAEL WALKER, EDWARD RUNGE, DAVID FERREN, ERIC KULLBERG, MELVIN KAHLER, BERNARD HENNING, individually and on behalf of all others similarly situated,

                                *Plaintiffs-Appellants*,

                    v.                                         No. 11-1724-cv

XEROX CORPORATION, LAWRENCE BECKER, PATRICIA M. NAZEMETZ, XEROX RETIREE FLEX HEALTH CARE PLAN, AKA XEROX CORPORATION RETIREE FLEX PLAN, XEROX

RETIREE HEALTH CARE PLAN, XEROX MEDICAL CARE PLAN FOR RETIRED EMPLOYEES,

*Defendants-Appellees,*

ANNE M. MULCAHY, URSULA M. BURNS, PETER DOWD,

*Defendants.*

-----------------------------------------------------------------

FOR APPELLANTS: DAVID R. PFALZGRAF, JR., Rupp, Baase, Pfalzgraf, Cunningham & Coppola LLC, Buffalo, NY.

FOR APPELLEES: MARGARET A. CLEMENS, Littler Mendelson, P.C., Rochester, NY (Shay Dvoretzky, Jones Day, Washington, DC, *on the brief*).

Appeal from the United States District Court for the Western District of New York (David G. Larimer, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiffs-Appellants appeal from a judgment of the United States District Court for the Western District of New York (Larimer, <u>J.</u>) entered on April 7, 2011, which dismissed the Plaintiffs' complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted. <u>Coriale v. Xerox Corp.</u>, 775 F. Supp. 2d 583 (W.D.N.Y. 2011). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

We review the District Court's dismissal of the Plaintiffs' claims under Rule 12(b)(6) de novo, "accept[ing] as true the facts alleged in the complaint" and "consider[ing] documents incorporated by reference in the complaint and documents upon which the complaint relies heavily." In re Citigroup ERISA Litig., 662 F.3d 128, 135 (2d Cir. 2011) (quotation marks omitted). "'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation marks omitted)).

The Plaintiffs filed suit on behalf of a putative class composed of former employees of Xerox Corporation, each of whom participated in one of three health plans governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq.: the Xerox Retiree Flex Health Care Plan ("Flex Plan"), the Xerox Medical Care Plan for Retired Employees ("Old Plan"), and the Xerox Retiree Health Care Plan ("New Plan"). The Plaintiffs claimed that the Defendants repeatedly promised putative class members lifetime health care benefits under these plans but then reneged on that promise as to members of the Flex Plan, in violation of 29 U.S.C. § 1132(a)(1)(B). No such action having been alleged with respect to the Old Plan or New Plan, the members of those plans fail to state a claim under ERISA.

To succeed on a claim under Section 1132(a)(1)(B) for denial of benefits, a plaintiff must demonstrate the existence of "specific written language" contained in a plan document "that is reasonably susceptible to interpretation as a promise to vest the benefits." Bouboulis v. Transp. Workers Union of Am., 442 F.3d 55, 60 (2d Cir. 2006)

(quotation marks omitted).  The Plaintiffs alleged that the Defendants promised lifetime health care benefits in documents dating back to at least the 1950s.  Specifically, they point to a 1980 Value Added Statement, a 1984 Guidebook, and a 1994 Retirement Counseling Handbook.  However, the Plaintiffs failed to allege that documents containing the relevant promise constituted plan documents that postdated the implementation of the Flex Plan, which did not exist before 1995.  Nor can any of the language contained in plan documents of the Flex Plan reasonably be interpreted to create a promise of vested lifetime benefits.  Even if a plan document of the Flex Plan had contained such a promise, it would likely have been unenforceable in light of a reservation-of-rights clause in several plan documents that clearly reserved to Xerox the right "to amend, suspend or terminate the Plan . . . at any time and for any reason."  See Abbruscato v. Empire Blue Cross & Blue Shield, 274 F.3d 90, 100 (2d Cir. 2001) (recognizing that where the same plan document contains a reservation of rights and a lifetime guarantee, the document does not create a vested benefit).

The Plaintiffs also challenge the District Court's dismissal of their claims for breach of fiduciary duty under 29 U.S.C. §§ 1132(a)(2) and 1132(a)(3).  Plan participants may bring claims of breach of the duty of loyalty under Section 1132(a)(3) against the fiduciary of an ERISA plan who has "participate[d] knowingly and significantly in deceiving a plan's beneficiaries."  Varity Corp. v. Howe, 516 U.S. 489, 506 (1996).  Although the Plaintiffs' complaint stated generally that putative class members were assured lifetime health benefits and that "various" members were promised such benefits

4

upon retirement, they failed to allege that those members participated in the Flex Plan, as opposed to the Old Plan or the New Plan. Indeed, at oral argument counsel for the Plaintiffs acknowledged that nothing in the record indicates that Xerox's assurance of lifetime benefits accompanied or postdated the Flex Plan. Tr. of Oral Arg. at 4-5, 10. Because the Plaintiffs did not allege sufficient factual content from which to conclude that the Defendants misrepresented any material matter to Flex Plan members regarding the receipt of lifetime health care benefits, and in the absence of any other alleged breach of fiduciary duty, see 29 U.S.C. § 1104, the Plaintiffs do not state a plausible claim for relief under Sections 1132(a)(2) and 1132(a)(3). Thus, we agree with the District Court that these claims must be dismissed.

We have considered the Plaintiffs' remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court